# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVON C. KUHN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-661 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| COUNTY OF BUTLER, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

For the reasons that follow, the motion to dismiss (Doc. 9) filed by Defendants County of Butler, Butler County Prison, Richard P. Gigliotti, Arthur P. Marx, Jr., and Richard T. Shaffer ("Moving Defendants") will be granted with prejudice in part, and without prejudice in part.

At the times relevant to the complaint, Devon C. Kuhn ("Plaintiff") was a pre-trial detainee at the Butler County Prison ("BCP") located in Butler, Pennsylvania. Compl. (Doc. 1 ¶¶ 4-5). Plaintiff brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging deprivations of his rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States. Id. ¶¶ 22-23. This suit commenced with this Court's receipt of the complaint on May 18, 2011. (Doc. 1). Moving Defendants filed a motion to dismiss on August 29, 2011 (Doc. 9). Plaintiff filed a response in opposition this motion on October 4, 2011 (Doc. 15). This motion is ripe for disposition.

### A. Relevant Factual History and Legal Claims

Plaintiff alleges that, on May 20, 2009, while he was a pre-trial detainee at BCP, he "engaged in a verbal altercation" with an unknown corrections officer. (Doc. 1 ¶ 26). Plaintiff

1

was then attacked and beaten by a four unknown corrections officers ("Doe Defendants"). Id. ¶¶ 26-28. Prison officials "immediately noticed that Plaintiff was in need of emergency medical attention." Id. ¶ 29. Plaintiff was taken to Allegheny General Hospital, where he was diagnosed with a subdural hematoma and underwent emergency brain surgery. Id. ¶¶ 30, 35-38. After his initial surgery, Plaintiff suffered various complications, which required further surgery and treatment. Id. ¶¶ 39-43. As of the date of the filing of this civil action, Plaintiff resided in a special care facility, and continued to suffer from several ill effects resulting from the alleged assault. Id. ¶¶ 43-49.

Plaintiff alleges that, as a result of his brain injury, he does not recall the events of May 20, 2009. Id. ¶ 50. He does indicate that, after he allegedly was assaulted, Moving Defendant Gigliotti allegedly called Plaintiff's father to inform him that Plaintiff was being transported to a hospital "for a severe head injury" that he suffered after "[falling] off the toilet[.]" Id. ¶¶ 31-32. It also is alleged that Moving Defendant Gigliotti asked a District Magistrate to modify Plaintiff's bond, so that Defendant BCP could avoid responsibility for Plaintiff's medical expenses. Id. ¶¶ 51-53. Further, he contends that Moving Defendants Gigliotti, Marx, and Shaffer "had contemporaneous knowledge through the Prison [*sic*] chain of command that the [] Doe [D]efendant correctional officers imposed a severe beating on [Plaintiff]." Id. ¶ 62. Plaintiff alleges that no investigation into the incident of May 20, 2009, ever took place. Id. ¶ 69.

Plaintiff claims that Moving Defendants engaged in a policy of "nepotism and cronyism" and, as a result, hired "unqualified, inexperienced and untrained individuals as correctional officers." Id. ¶¶ 63-63. He further asserts that they have failed to supervise and train their officers, and that there is a policy at BCP "allowing correctional officers to intimidate, threaten

2

and punish detainees and inmates without supervision" and "without disciplinary consequences." Id. ¶¶ 65, 67-68, 70. Furthermore, Moving Defendant Gigliotti "as Warden of [BCP], [allegedly possesses] a documented history of correctional officers using excessive force on detainees and inmates." Id. ¶ 67. Plaintiff claims that these policies had the "direct and foreseeable consequence" of violating his rights under the Fifth, Eighth, and Fourteenth Amendments. Id. ¶ 71. Plaintiff sues Moving Defendants in their official capacities concerning these alleged policies. Id. at 13.

Additionally, Plaintiff sues Moving Defendants Gigliotti, Marx, and Shaffer in their individual capacities for their alleged failure to train and supervise their subordinates. Id. ¶¶ 77-79. Plaintiff also claims that all Defendants were part of a conspiracy to violate his constitutional rights. Id. ¶ 15.

B. **Analysis**

1. **Official Capacity Claims and Claims Against BCP**

When an individual is sued in his or her official capacity, the action is considered to be against the governmental entity which he or she represents. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). As such, Plaintiffs claims against any individual Defendant in his or her official capacity are duplicative of his claims against Defendant County of Butler. By this same logic, claims against Defendant BCP are duplicative of those against Defendant County of Butler, as the prison merely is an entity of county. See Colburn v. Uppery Darby Twp., 838 F.2d 663, 671 n.7 (3d Cir. 1988) (overruled in part on other grounds by Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)); see also Phillips v. Rustin, 2009 WL 1688466, at *1 n.3 (W.D. Pa. June 17, 2009) (Hay, C. Mag. J.). Accordingly,

3

Plaintiff's claims against Moving Defendants in their official capacities, and his claims against Defendant BCP, will be dismissed with prejudice.

2. **Section 1983 Conspiracy**

In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). A plaintiff must allege conspiracy with particularity even though a heightened pleading standard generally does not apply to individual defendants to civil rights actions. Bieros v. Nicola, 860 F. Supp. 223, 225 (E.D. Pa. 1994) (citing Leatherman 507 U.S. at 168). A complaint alleging a conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." Spencer v. Steinman, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997); see also Loftus v. Se. Pa. Transp. Auth., 843 F. Supp. 981, 987 (E.D. Pa. 1994) ("[w]hile the pleading standard under [Fed.R.Civ.Proc.] Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements").

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. Where a civil rights conspiracy is alleged, there must be specific factual allegation in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991)). The Court of Appeals for the Third Circuit

has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the specific conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. Oatess v. Sobolevitch, 914 F.2d 428, 431 n.8 (3d Cir. 1990).

Beyond his bald and conclusory statement that Defendants engaged in a conspiracy to violate his rights, Plaintiff pleads no facts –with particularity or otherwise – that, if true, would plausibly lead to the conclusion that such a conspiracy actually existed. To the contrary, the factual allegations that he does plead – that Moving Defendants Gigliotti, Marx, and Shaffer learned of the alleged assault through the chain of command, and thus, only after it had occurred – would lead to the opposite conclusion. Accordingly, this claim against Moving Defendants will be dismissed. Furthermore, as any additional allegations regarding this claim would be at odds with those of the existing complaint, it is clear that leave to amend would be futile. Thus, dismissal of the conspiracy claim against Moving Defendants will be with prejudice. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (a plaintiff the opportunity to amend a deficient complaint – regardless of whether the plaintiff requests to do so – when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile).

### 3. Supervisory Liability

It is well established that no liability exists under section 1983 solely based on a theory of vicarious liability or *respondeat superior*. Shaw v. Stackhouse, 920 F.2d 1135, 1147 (3d Cir. 1990). Instead, in order for section 1983 liability to attach, a plaintiff must show that a defendant was personally involved in the deprivation of his or her federal rights. Evancho v. Fisher, 423

F.3d 347, 353 (3d Cir. 2005). In cases involving a supervisory or reviewing defendant, personal involvement may be shown through "'allegations of personal direction or of actual knowledge and acquiescence.'" Id. at 353 (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

In situations where a supervising official knowingly permits a continuing custom or policy that results in harm to a plaintiff, section 1983 liability may attach. See Colburn 838 F.2d at 673. At a minimum, liability in such a case is appropriate "'only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate.'" Id. at 673 (quoting Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986)).

Here, Plaintiff has failed to allege facts that, if true, would lead to the plausible conclusion that Moving Defendants had contemporaneous knowledge of the alleged assault, or that they ever engaged in any act that would have demonstrated acquiescence to an assault on an inmate.[1] Additionally, while Plaintiff alleges that Defendant Gigliotti was in possession of "a documented history of correctional officers using excessive force[,]" this assertion is wholly unsupported by factual allegations that would make such a claim plausible on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face"). Accordingly, Plaintiff's supervisory liability claims will

---

[1] The undersigned notes that the Supreme Court has cast doubt on the viability of a "knowledge and acquiescence" theory of supervisory liability in a section 1983 action. See Ashcroft v. Iqbal, 556 U.S. 665, 129 S.Ct. 1937, 1949 (2011).

6

be dismissed. However, as it is unclear whether leave to amend would be futile, dismissal will be without prejudice.

### 4. Municipal Liability Claims

A "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978). Instead, in order to state a claim of municipal liability under section 1983, a plaintiff must allege that he or she was subject to a constitutional violation as the result of some identifiable official custom or policy of a municipality. Faylor v. Szupper, 411 F. App'x 525, 530-31 (3d Cir. 2011) (citing Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998)). Additionally, a plaintiff must establish that the municipality was the moving force behind his alleged injury. Bd of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S 397, 405 (1997). This means that the "plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. (citations omitted).

In his complaint, Plaintiff makes conclusory allegations of the existence of policies of cronyism, nepotism, the allowance of the use of excessive force by corrections officers, and failure to train. None of these blanket assertions are supported by factual allegations. As such, Plaintiff's municipal liability claims will be dismissed. As it is unclear whether leave to amend would be futile, dismissal of these claims will be without prejudice.

AND NOW, this 6th day of March, 2012,

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants County of Butler, Butler County Prison, Gigliotti, Marx, and Shaffer (Doc. 9) is GRANTED with prejudice in part, and without prejudice in part.

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint on or before March 27, 2012. Failure to do so will result in his remaining claims against Moving Defendants being dismissed with prejudice.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc (via CM/ECF):

All Counsel of Record