# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVON C. KUHN, | ) |
| Plaintiff, | ) Civil Action No. 11-661 |
| v. | ) Judge Cathy Bissoon |
| COUNTY OF BUTLER, *et al.*, | ) |
| Defendant. | ) |

## ORDER

For the reasons that follow, the motion to dismiss (Doc. 23) filed by Defendants County of Butler, Richard P. Gigliotti, Arthur P. Marx, Jr., and Richard T. Shaffer ("Moving Defendants") will be granted in part and denied in part.

At the times relevant to the amended complaint, Devon C. Kuhn ("Plaintiff") was a pre-trial detainee at the Butler County Prison ("BCP") located in Butler, Pennsylvania. Am. Compl. (Doc. 19 ¶¶ 4, 22). Plaintiff brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging deprivations of his rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.[1] Id. ¶ 3.

This suit commenced with this Court's receipt of the initial complaint on May 18, 2011. (Doc. 1). Moving Defendants filed a motion to dismiss on August 29, 2011 (Doc. 9), which was granted with prejudice in part, and without prejudice in part. (Doc. 16). Plaintiff filed an

---

[1] Plaintiff's claims all are based on underlying allegations of excessive force. (Doc. 19 ¶¶ 26-53). As he alleges that he was a pre-trial detainee in state custody at the time of the alleged event, his claims properly arise under the Due Process Clause of the Fourteenth Amendment. See Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581-82 (3d Cir. 2003). As his allegations support the conclusion that he was neither in federal custody nor convicted of a crime at the time of the alleged incident, his Fifth and Eighth Amendment claims fail as a matter of law, and must be dismissed with prejudice.

1

amended complaint on May 14, 2012. (Doc. 19). Moving Defendants filed another motion to dismiss on May 29, 2012 (Doc. 23), to which Plaintiff responded in opposition. (Doc. 25). This latest motion is ripe for disposition.

### A.     Relevant Factual History and Legal Claims

Plaintiff alleges that, on May 20, 2009, while he was a pre-trial detainee at BCP, he "engaged in a verbal altercation" with an unknown corrections officer. (Doc. 9 ¶ 26). Plaintiff was then attacked and beaten by a four unknown corrections officers ("Doe Defendants"). Id. ¶¶ 26-28. Prison officials "immediately noticed that Plaintiff was in need of emergency medical attention." Id. ¶ 29. Plaintiff was taken to Allegheny General Hospital, where he was diagnosed with a subdural hematoma and underwent emergency brain surgery. Id. ¶¶ 30, 35-38. After his initial surgery, Plaintiff suffered various complications, which required further surgery and treatment. Id. ¶¶ 39-43. As of the date of the filing of the amended complaint, Plaintiff resided in a special care facility, and continued to suffer from several ill effects resulting from the alleged assault. Id. ¶¶ 43-49.

Plaintiff alleges that, as a result of his brain injury, he does not recall the events of May 20, 2009. Id. ¶ 50. He does indicate that, after the alleged assault, Moving Defendant Gigliotti allegedly called Plaintiff's father to inform him that Plaintiff was being transported to a hospital "for a severe head injury" that he suffered after "[falling] off of the toilet[.]" Id. ¶¶ 31-32. It also is alleged that Moving Defendant Gigliotti asked a District Magistrate to modify Plaintiff's bond, so that Defendant BCP could avoid responsibility for Plaintiff's medical expenses. Id. ¶¶ 51-53. Further, he contends that Moving Defendants Gigliotti, Marx, and Shaffer "had contemporaneous knowledge through the Prison [*sic*] chain of command that the []

2

Doe [D]efendant correctional officers imposed a severe beating on [Plaintiff]." Id. ¶ 62. Plaintiff alleges that no investigation into the incident of May 20, 2009, ever took place. Id. ¶ 76.

Plaintiff claims that Moving Defendants engaged in a policy of "nepotism and cronyism" and, as a result, hired "unqualified, inexperienced and untrained individuals as correctional officers." Id. ¶¶ 63-70. He further asserts that they have failed to supervise and train their officers, and that there is a policy at BCP "of correctional officers enticing inmates into a confrontation and using excessive force on detainees and inmates which usually results in misconduct or criminal charges being filed against the inmate." Id. ¶¶ 71-72, 77-78. Plaintiff goes so far as to name three non-party corrections officers who are known by Moving Defendants Gigliotti, Marx and Shaffer as engaging in the use of excessive force and intimidation. Id. ¶ 73. Finally, Plaintiff claims that moving Defendants failed to train and supervise their subordinates, which led to the direct and foreseeable result of Plaintiff's alleged beating at the hands of the Doe Defendants. Id. ¶¶ 74, 79-82)

B. **Analysis**

Plaintiff alleges the existence of policies promulgated by Moving Defendants which, at least arguably, could meet the standard for personal involvement and municipal liability under Section 1983. See Carter v. City of Phila., 181 F.3d 339, 357 (3d Cir. 1999); Montgomery v. DeSimone, 159 F.3d 120, 127 (3d Cir.1998); Colburn v. Upper Darby Twp., 838 F.2d 663, 673 (3d Cir. 1988). Clearly, at this stage of the litigation, there are unresolved issues of fact between

3

the parties.[2] While this Court remains skeptical that Plaintiff, given his alleged cognitive difficulties, will be able to prove his allegations, it is clear that, because of those alleged difficulties, this case would benefit from more in-depth discovery than that, in which the parties have heretofore engaged. Thus, out of an abundance of caution, Moving Defendants' motion to dismiss will be denied with respect to Plaintiff's claims arising under the Fourteenth Amendment. This denial will be without prejudice to Moving Defendants raising these same arguments on summary judgment, if appropriate.

      AND NOW, THIS 17th day of December, 2012,

      IT IS HEREBY ORDERED that Moving Defendants' motion to dismiss (Doc. 23) is GRANTED in part and DENIED in part. Plaintiff's Fifth and Eighth Amendment claims are DISMISSED with prejudice.

December 17, 2012                               s/Cathy Bissoon
                                                                           Cathy Bissoon
                                                                           United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] This is underscored by Moving Defendants' less-than-thorough response to this Court's order regarding limited discovery. See (Docs. 22 and 26).